**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARVIN M. WILLIAMSON, JR.** | *CIVIL NO. 08-0441 |
| **VERSUS** | *JUDGE DOHERTY |
| **CITY OF MORGAN CITY, ET AL.** | *MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the court is the Motion for Summary Judgment filed by defendants Jimmy Richard, Doreen Francis and the City of Morgan City on May 21, 2009. (Rec. Doc. 17). Plaintiff, Marvin M. Williamson, Jr., ("Williamson") filed an Opposition on June 16, 2009. (Rec. Doc. 22).

Williamson filed this civil rights action on March 31, 2008 alleging Constitutional violations under 42 U.S.C. § 1983. In his Complaint, Williamson names the following defendants: the Morgan City Police Department ("MCPD"), Morgan City Police Officers Jimmy Richard and Doreen Francis ("Officers"), and the City of Morgan City ("City"), a public municipal corporation. (Rec. Doc. 1). The Officers are sued in their official capacities **only**. The MCPD was dismissed from the case in an Order dated September 3, 2008. (Rec. Doc. 6).

Williamson asserts that his civil rights were violated when "a Morgan City Police Officer" used excessive force against him in the booking room of the MCPD on January 15, 2008, and also when he was subsequently denied necessary medical treatment. Williamson further alleges that Officer Francis, the jail supervisor, failed "to properly train and supervise

personnel under her charge." (Rec. Doc. 1, p.3). Again, the Officers are sued, not personally, but in their official capacities **only**.

In the instant motion, defendants contend that plaintiff cannot prove a requisite Constitutional violation necessary to succeed in a claim brought pursuant to 42 U.S.C. § 1983. Further, defendants correctly state that because the Officers are sued in their official capacities only, in order to prevail, plaintiff must prove that an official policy, custom or procedure caused his alleged injury and Constitutional violation. Because plaintiff has failed to do so, and for the reasons set forth below, defendants' Motion for Summary Judgment should be granted.

## Standard on Motion for Summary Judgment

Fed.R.Civ.Proc. Rule 56(e) provides, in pertinent part, as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

In his Complaint, plaintiff failed to make any specific factual allegations regarding any policy, custom or procedure of the City that caused or contributed to plaintiff's injuries. In complainant's opposition, plaintiff has not submitted any specific factual evidence whatsoever regarding an official policy, custom or procedure of the defendants which caused his alleged injuries. The Motion for Summary Judgment is properly made and supported. Thus, plaintiff may not rest upon his allegations or denials in his pleadings, but rather must

go beyond the pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54 (1986).

Moreover, metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, and those supported by only a scintilla of evidence are insufficient. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Additionally, summary judgment is mandated against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2552. For the reasons set forth below, summary judgment with respect to the claims asserted against defendants Jimmy Richard, Doreen Francis and the City of Morgan City is appropriate in this case.

## Official Capacity Claims

An official capacity suit is the equivalent of a suit against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Brandon v. Holt*, 469 U.S. 464 (1985); *Hafer v. Melo*, 112 S.Ct. 358 (1991); *McMillian v. Monroe County, Ala.,* 520 U.S. 781, 784-85, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)[1] ; *Burge v. St. Tammany Parish,*

---

[1] The Supreme Court in *McMillian* explained that:
> a suit against a governmental officer "in his official capacity" is the same as a suit " 'against [the] entity of which [the] officer is an agent,' " *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (*quoting Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611(1978)), and that victory in such an "official-capacity" suit "imposes liability on the entity that [the officer] represents," *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985).

*McMillian,* 520 U.S. at 785 n. 2, 117 S.Ct. 1734.

187 F.3d 452, 466 (5th Cir. 1999). Thus, such a claim requires *Monell* proof of an official policy[2] or custom[3] as the cause of the constitutional deprivation. *Turner v. Houma Municipal Fire & Police Civil Service Board*, 229 F.3d 478, 483 fn 10 (5th Cir. 2000) *citing Monell v. Department of Social Services*, 436 U.S. 658 (1978).[4]

Plaintiff cites no specific policies or customs of the MCPD in support of his claims against the defendants in his Complaint. (Rec. Doc. No. 1) In his Memorandum in Opposition to the instant Motion, plaintiff makes unsubstantiated allegations and conclusory statements without presenting any genuine issues of material fact; he does not point to a single specific policy which is allegedly inadequate or which allegedly resulted in a Constitutional violation. (Rec. Doc. 22). While Plaintiff attaches as Exhibit D to his Opposition uncertified excerpts from the MCPD Rules and Regulations, he fails to make a sufficient showing that any of the MCPD Rules were violated in this case, much less that there is a policy or custom of violating these Rules, and, thus, that a Constitutional

---

[2]"An official policy, for purposes of §1983 liability, is '[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority.'" *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000), *quoting Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984) (en banc).

[3] Courts have defined custom as a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *citing Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.1984); *Matthias v. Bingley*, 906 F.2d 1047, 1054 (5th Cir. 1990)(en banc).

[4]In *Monell,* the Court held that local governmental entities may be sued under § 1983. However, they may not be held vicariously liable under the doctrine of *respondeat superior*. Thus, a governmental entity may not be held liable merely because it employs a tortfeasor. Liability must be based upon allegedly unconstitutional conduct which "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers...[or is] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's decision making channels." *Id*. at 690-91.

violation occurred. In oral argument, counsel for plaintiff argued that the defendant police officers violated these Rules. However, even if a violation of the Rules by the defendant police officers were proven in this case, a single incident is not sufficient evidence to prove a custom or pattern of behavior.[5]

Plaintiff fails to submit any evidence that the policies of the MCPD are in any respect inadequate. Further, the undersigned's research fails to reveal any constitutional inadequacy with these policies and procedures as written. Nor does plaintiff prove any custom or pattern of inadequate training, supervision or inmate discipline by the MCPD. Plaintiff also fails to prove the existence of a MCPD policy or custom of disregarding its written policies and recognizing the use of excessive force as permissible.

Likewise, plaintiff also fails to prove any custom or pattern of deliberate indifference to medical needs by the MCPD. Plaintiff also fails to prove the existence of a MCPD policy or custom of disregarding its written policies and recognizing the medical needs of prisoners. In any case, plaintiff was provided medical care, and plaintiff introduces no evidence whatsoever that the medical care received by him was inadequate. Even if plaintiff were able to prove that he received inadequate medical care in the instant case, because he has brought suit against the Officers in their official capacities only, plaintiff still bears the burden of proving the existence of a MCPD policy or custom of

---

[5]As discussed above, there is no evidence in this record of any persistent, widespread practice for purposes of imputing official capacity liability or precluding summary judgment herein. A singular incident is insufficient. *See Thompson v. Upshur County*, 2001 WL 258032, *7 (5th Cir. 2001), *citing Snyder v. Trepagnier,* 142 F.3d 791, 798-99 (5th Cir.1998) and *Thompkins v. Belt*, 828 F.2d 298, 304-305 (5th Cir. 1987); *Board of the County Comm'ns of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

failing to provide adequate medical care. A single incident does not constitute a policy or custom. There is simply insufficient evidence presented by plaintiff to demonstrate a policy or custom of deliberate indifference to medical needs tolerated by either the City or the MCPD.

In support of his Motion for Summary Judgment, defendant correctly notes that plaintiff fails to submit any specific evidence that the policies of the City and/or the MCPD are in any respect inadequate, or that there is any custom or pattern of inadequate training, supervision or inmate discipline, or that there is any custom or pattern of inadequate medical care. To the contrary, defendants contend that the City did not have a policy or custom of allowing its officers to utilize excessive force, nor did it have a policy or custom of deliberate indifference to the medical care of inmates. Instead, defendants contend that the City has in place adequate policies regarding the training of police officers, the appropriate use of force, and suitable medical treatment, all of which are consistent with the decisions of the United States Supreme Court. (Rec. Doc. 17, p.2).

The defendants submit the Affidavit of Officer Richard (Rec. Doc. 17, ex. B) which evidences that Officer Richard has completed several law enforcement training academies and that said training included instruction in the proper use of force. Thus, the record before this court unquestionably belies any claim by plaintiff that there was any inadequate policy, custom or procedure with respect to the proper training Officer Richard. Moreover, Officer Richard's training and experience notwithstanding,

plaintiff's complaint still lacks any evidence showing a policy or custom by the MCPD of inadequacy in supervising or training its officers.

Accordingly, plaintiff fails to demonstrate a material issue of fact which would preclude summary judgment herein with respect to the claims asserted against defendants Jimmy Richard, Doreen Francis and the City of Morgan City. Plaintiff's time for filing any amending complaints has expired. Therefore, the undersigned recommends that the defendants' Motion for Summary Judgment should be **GRANTED.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, June 22, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE