RECEIVED

JUL 2 1 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARVIN M. WILLIAMSON, JR. | CIVIL ACTION NO. 08-0441 |
| VERSUS | JUDGE DOHERTY |
| CITY OF MORGAN CITY, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the Report and Recommendation issued by Magistrate Judge Hill, in which the magistrate judge recommends the Motion for Summary Judgment filed by defendants Jimmy Richard, Doreen Francis,[1] and the City of Morgan City be granted, and all claims asserted by the plaintiff against the foregoing defendants in the instant lawsuit be dismissed with prejudice. After consideration of the Report and Recommendation, the applicable law, and the Objections filed by the plaintiff, this Court ADOPTS the magistrate judge's recommendation. Accordingly, the defendants' Motion for Summary Judgment [Doc. 17] is GRANTED, and plaintiff's claims against defendants Jimmy Richard, Doreen Francis, and the City of Morgan City are DISMISSED WITH PREJUDICE.

I. **The Magistrate Judge's Findings**

The factual and procedural background of the instant lawsuit are set forth in the magistrate judge's Report and Recommendation and will not be reiterated herein. As the magistrate judge points out in the Report and Recommendation, the plaintiff alleges his civil rights were violated by Officers Richard and Francis on January 15, 2008. Specifically, plaintiff alleges while he was in the

---

[1] Ms. Francis is misidentified in plaintiff's Complaint as "Darlene Francis."

booking room of the Morgan City Police Department, he was attacked and beaten by "a Morgan City Police Officer."[2] Plaintiff alleges the foregoing constituted the use of excessive force. Plaintiff also alleges he was subsequently denied necessary medical treatment. Plaintiff further alleges Officer Francis, the jail supervisor, failed "to properly train and supervise personnel under her charge." Officers Richard and Francis are sued in their official capacities only.

It is well-settled in the Fifth Circuit that by framing his claims against the City of Morgan City and Officers Richard and Francis in their "official capacities" only, the plaintiffs must plead and prove the City had a custom or policy to use excessive force and to deny necessary medical care in order for the defendants to be liable.[3] *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 n.10 (5th Cir. 2000), *citing Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.").

---

[2] This Court notes the plaintiff does not specifically allege in his Complaint the officer who beat him in the booking room of the police department was Officer Richard. However, because the claims alleged against Officer Richard are alleged in his official capacity only, all claims alleged against Officer Richard are to be construed as claims against the City of Morgan City. Therefore, there can be no personal liability against Officer Richard for his alleged actions, and it is unnecessary for this Court to determine what specific actions Officer Richard is alleged to have committed.

[3] Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3105 (1985), *citing Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." . . . "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* Therefore, in the instant case, the claims alleged against Officers Richard and Francis in their official capacities are to be treated by this Court as claims against the City of Morgan City.

In the instant case, the magistrate judge found the plaintiff cites no specific policies or customs of the Morgan City Police Department in support of his claims against the defendants in his Complaint. The magistrate judge found plaintiff does not point to a single specific policy which is allegedly inadequate or which allegedly resulted in a Constitutional violation with regard to either the City's policies regarding the use of force or the provision of medical care to detainees/inmates of the jail. While Plaintiff attaches to his Opposition to the Motion for Summary Judgment uncertified excerpts from the Morgan City Police Department Rules and Regulations, the magistrate judge found the plaintiff fails to make a sufficient showing that any of the Rules were violated in this case, much less that there is a policy or custom of violating these Rules within the police department.[4] Finally, the magistrate judge found plaintiff fails to submit any specific evidence showing there is any policy, custom or pattern of inadequate training, supervision or inmate discipline on the part of the City of Morgan City. To the contrary, the magistrate judge found the plaintiff did not put forth sufficient evidence showing the City has a policy or custom of allowing its officers to utilize excessive force, nor did it have a policy or custom of deliberate indifference to

---

[4] As the magistrate judge points out, there is no evidence in the record of this case of any persistent, widespread practice for purposes of imputing official capacity liability. Generally, a singular incident of either excessive force or denial of medical care – assuming one could be proven – is insufficient to prove liability. *See Thompson v. Upshur County*, 2001 WL 258032, *7 (5th Cir. 2001), *citing Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir.1998) and *Thompkins v. Belt*, 828 F.2d 298, 304-305 (5th Cir. 1987); *Board of the County Comm'ns of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

However, in narrow circumstances, a single incident can establish an official policy "where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Burge v. St. Tammany Parish*, 336 F.3d 363, 373 (5th Cir. 2003) (this rule is considered an "exception," and is referred to as the "single incident exception;" the Fifth Circuit is reluctant to expand application of this exception and only applies it in limited circumstances), *cert. denied*, 540 U.S. 1108, 124 S.Ct. 1074, 157 L.Ed.2d 895 (2004); *see Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404-07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). *See also Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (" It is well-settled in this circuit that even "a single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity."). This Court notes the plaintiff does not allege, and this Court does not find, the "single incident exception" is applicable in this case.

the medical care of inmates.

## II. Plaintiff's Objections

In his Objections to the magistrate judge's Report and Recommendation, plaintiff argues the "policies of brutality and procedures outlined in the Morgan City Police [Manual] are not followed." The plaintiff appears to be alleging the *Rules and Regulations of the Morgan City Police Department* are not followed. Plaintiff seeks to support his argument with newly submitted evidence not submitted to the magistrate judge by supplementing and amending his original opposition brief to the motion for summary judgment with the affidavits of Dennis Moreaux and Telieigia M. Busby.[5] Plaintiff also seeks to introduce certain selected portions of the deposition testimony of Angie B. LaFleur and Seargeant Jacob Baytop, the plaintiff and a witness, respectively, in another civil action filed in this Court, entitled *LaFleur v. City of Morgan City, et al.*, Civil Action No. 08-0442.[6] The foregoing affidavits and the selected deposition testimony of Ms. LaFleur and Seargeant Baytop[7] allege additional incidents of excessive force on the part of officers of the Morgan City Police

---

[5] In his Affidavit, Mr. Dennis states he was shot twice by a Morgan City police officer while "trying to escape capture;" was later knocked off Highway 182 by a police vehicle and run into the Dollar Store off Highway 182; the police pulled him out of his car through the window and then beat and tazed him with batons while he was on the ground handcuffed. Mr. Dennis states he was taken to the hospital, but felt he was not given "fair medical treatment." In her Affidavit, Ms. Busby states Officer Richard arrested her at her home on a warrant; and she was handcuffed and carried by the handcuffs by Officer Richard. While being dragged by Officer Richard, Ms. Busby attests her right arm was broken. Ms. Busby alleges she asked for medical care, but it was denied. Ms. Busby further alleges she was in the Morgan City jail from 10:00 p.m. until 1:00 p.m. the next day before being brought to the hospital to have her arm placed in a cast.

[6] Ms. LaFleur's lawsuit against the City of Morgan City is unrelated to the instant lawsuit. In the selected deposition testimony submitted to this Court, Ms. LaFleur testified a male police officer and female police officer pulled her hair and stomped her lower back numerous times in the process of moving her from a holding cell at the Morgan City Police Department to another location. *See* Deposition of Angie B. LaFleur, pp. 76-80.

[7] Although the entirety of Seargeant Baytop's deposition is not provided, it appears Seargeant Baytop observed Ms. LaFleur after allegedly being beaten by the male and female police officers in the holding cell. Seargeant Baytop testified Ms. LaFleur had a black eye after her confrontation with the officers and he "should have" taken her to a hospital, but did not do so. *See* Deposition of Seargeant Jacob Baytop, pp. 20-23.

4

Department. One alleged incident specifically involves Officer Richard.[8]

## III. Law and Analysis

As stated previously, for the defendants to be liable in this matter, the plaintiff must plead and prove the City had a custom or policy of using excessive force, denying necessary medical care, and failing to train and supervise personnel. *Turner*, 229 F.3d at 483 n.10, *citing Monell*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendants have presented competent summary judgment evidence showing the City of Morgan City adequately trained its police officers in both the use of force and the provision of medical care to detainees, and had policies addressing both areas of police training. Defendants' motion for summary judgment is supported by Officer Richard's affidavit, in which Officer Richard attests he has completed several law enforcement training academies and that said training included instruction in the proper use of force.[9] With respect to medical care, Officer Francis testified each jailer employed by the Morgan City Police Department is trained to carefully observe the facility's inmates to determine whether a medical condition has arisen, and should a medical condition arise, the jailers are trained to immediately transfer the inmate to a health care professional.[10]

In response, the plaintiff has presented no evidence that contravenes the argument and evidence of the City. Moreover, plaintiff has implicitly supported the defendants' evidence by

---

[8] This Court notes the aforementioned evidence was not presented to the magistrate judge, who, therefore, did not have the benefit of the information when preparing his Report and Recommendation. The evidence is, however, before this Court and has been considered by this Court in rendition of the instant Ruling.

[9] *See* Exhibit "B," Affidavit of Officer Jimmy Richard, attached to defendants' motion for summary judgment.

[10] *See* Exhibit "D," Affidavit of Officer Doreen Francis, attached to defendants' motion for summary judgment.

attaching an uncertified copy of the police department's Rules and Regulations to his opposition brief. These Rules and Regulations actually contain policies addressing the use of force for all police officers and the provision of medical care for detainees. Plaintiff fails to submit any evidence showing the policies of the Morgan City Police Department regarding the use of force and provision of medical care are inadequate, and he further fails to make a sufficient showing that any of the Morgan City Police Department Rules and Regulations were violated in this case, or that there was a policy, custom, pattern, or practice of violating these Rules within the Department.

Indeed, with respect to the provision of medical care to detainees, the City has a policy that states as follows:

> If a prisoner needs medical attention due to accident or injury, the jailer shall obtain treatment including, but not limited to, First aid, Ambulance services, transportation to an emergency room or other medical care facility. A written report shall be made to the jail supervisory staff detailing the date, time, location of incident, what caused injury, and actions taken by the jailers involved.

In the instant case, as the magistrate judge pointed out, the plaintiff was provided medical care. Additionally, Officer Richard prepared an Affidavit/Report that detailed both the circumstances surrounding the plaintiff's arrest, as well as the details surrounding the incident that occurred once plaintiff was brought to the Morgan City jail. The Affidavit/Report describes the injuries that were inflicted on the plaintiff by the police officers, as well as the injuries that were inflicted by the plaintiff on Morgan City Police Officer Greg Veillion.[11] This Affidavit/Report states at the time it was prepared, the plaintiff was "too combative to be treated." However, plaintiff alleges in his own Complaint he ultimately was taken to the Emergency Room by a member of the Morgan City Police Department. Thus, the plaintiff was provided emergency medical treatment by

---

[11] *See* Exhibit "A" to plaintiff's opposition to motion for summary judgment.

the police department. Therefore, the record shows the Morgan City Police Department has a written policy addressing the medical needs of detainees.

Additionally, this Court notes the affidavits and deposition testimony submitted with plaintiff's Objections do not constitute sufficient evidence to withstand summary judgment in the instant matter. This Court does not have sufficient information before it from a factual standpoint to determine whether the force used in the context of either Mr. Dennis's or Ms. Busby's affidavits was excessive. The same is true for the factual circumstances surrounding the incident testified to in Ms. LaFleur's deposition. Indeed, this Court does not know the circumstances surrounding any of the aforementioned incidents. At least two of those incidents (Ms. Busby's and Ms. LaFleur's) involved arrests, the circumstances of which are unknown to this Court. Additionally, this Court was provided with only 3-4 pages each of the depositions of Ms. LaFleur and Seargeant Baytop. Without more this Court cannot know the factual circumstances of Ms. LaFleur's case. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

Moreover, this Court notes the Constitution does not prohibit all uses of force, but only the use of unreasonably excessive force. As this Court cannot determine whether the force that was used in any of the aforementioned incidents was reasonable or excessive, the evidence that plaintiff seeks to introduce from that case is insufficient to create a genuine issue of material fact in the instant case.

Thus, in the instant case, plaintiff has provided nothing more than conclusory argument that Officer Richard and "other officers" of the Morgan City Police Department do not follow the Rules and Regulations. Such argument is insufficient to defeat the properly-supported motion for summary

judgment filed by the defendants. Simply, plaintiff has failed to establish it was the policy or custom of the City of Morgan City or its police department to use excessive force, deny medical care to detainees, or fail to properly supervise or train personnel. At best, plaintiff has alleged an isolated incident of excessive force and denial of medical care, not a widespread custom of the City of Morgan City or its police department to support his claim of official liability. Accordingly, defendants' motion for summary judgment should be granted.

## IV. Conclusion

In consideration of the foregoing, this Court adopts the factual findings in the magistrate judge's Report Recommending dismissal and concludes the defendants' Motion for Summary Judgment [Doc. 17] should be GRANTED. Consequently, and plaintiff's claims against defendants Jimmy Richard, Doreen Francis, and the City of Morgan City are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 21st day of _____, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE