RECEIVED

JUL 16 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARVIN M. WILLIAMSON, JR. | CIVIL ACTION NO. 08-0441 |
| VERSUS | JUDGE DOHERTY |
| CITY OF MORGAN CITY, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the "Motion for Relief from Judgment" [Doc. 30] filed by *pro se* plaintiff Marvin M. Williamson, Jr. The motion is opposed by defendants Jimmy Richard, Doreen Francis,[1] and the City of Morgan City[2] [Doc. 35]. For the following reasons, the motion is DENIED.

### I. Factual and Procedural Background

The instant matter is a closed case, this Court having granted summary judgment in favor of defendants, on all claims alleged by plaintiff, on July 21, 2009 [Docs. 25 & 26].

In his original complaint, plaintiff alleged his civil rights were violated by Officers Richard and Francis on January 15, 2008. Specifically, plaintiff alleged while he was in the booking room of the Morgan City Police Department, he was attacked and beaten by "a Morgan City Police Officer." Plaintiff alleged the foregoing constituted the use of excessive force. Plaintiff also alleged he was subsequently denied necessary medical treatment. Plaintiff further alleged Officer Francis, the jail supervisor, failed "to properly train and supervise personnel under her charge." Officers

---

[1] Ms. Francis is misidentified in plaintiff's Complaint as "Darlene Francis."

[2] In his motion, the plaintiff lists the Morgan City Police Department and Officer Greg Veillion as party defendants. However, the Morgan City Police Department was dismissed as a party to the suit on September 3, 2008 [Doc. 6], before this Court granted summary judgment in favor of the remaining defendants. Additionally, Officer Veillion was never a party to this lawsuit.

Richard and Francis were sued in their official capacities only.

This court noted that by framing his claims against the City of Morgan City and Officers Richard and Francis in their "official capacities" only, the plaintiffs was required to plead and prove the City had a custom or policy to use excessive force and to deny necessary medical care in order for the defendants to be liable.[3] *Turner v. Houma Mun. Fire and Police Civil Service Bd.*, 229 F.3d 478, 483 n.10 (5th Cir. 2000), citing *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.").

Both the magistrate judge and this Court concluded the plaintiff cited no specific policies or customs of the Morgan City Police Department in support of his claims against the defendants in his Complaint. Over Objection filed by the plaintiff, this Court held defendants presented competent summary judgment evidence showing the City of Morgan City adequately trained its police officers in both the use of force and the provision of medical care to detainees, and had policies addressing both areas of police training. This Court held defendants' motion for summary judgment was supported by Officer Richard's affidavit, in which Officer Richard attested he completed several law

---

[3] Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3105 (1985), citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." . . . "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* Therefore, in the instant case, the claims alleged against Officers Richard and Francis in their official capacities were treated by this Court as claims against the City of Morgan City.

enforcement training academies and that said training included instruction in the proper use of force. With respect to medical care, Officer Francis testified each jailer employed by the Morgan City Police Department is trained to carefully observe the facility's inmates to determine whether a medical condition has arisen, and should a medical condition arise, the jailers are trained to immediately transfer the inmate to a health care professional. This Court noted in response, the plaintiff had presented no evidence that contravened the argument and evidence of the City. Accordingly, this court granted summary judgment in favor of defendants.

## II. The Instant Motion

In the instant motion, plaintiff seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Although he does not specifically state which portions of Rule 60(b) are applicable to his motion, the following portions of the rule appear to be at play:

> **Rule 60. Relief from a Judgment or Order**
>
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a *final judgment*, order, or proceeding for the following reasons:
>
> [ ... ]
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Fed.R.Civ.P. 60(b) (emphasis added).

It is well-settled in the Fifth Circuit Rule 60(b) cannot be used to extend the time for appeal. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5$^h$ Cir. 1985), *citing Williams v. New Orleans*

*Public Service, Inc.,* 728 F.2d 730 (5th Cir.1984) (denial of Rule 60(b) motion to have default judgment set aside, where motion was filed only after the thirty day appeals period had expired); *United States v. O'Neil,* 709 F.2d 361, 372 (5th Cir.1983) ("a Rule 60(b) motion may not substitute for a timely appeal"); *Chick Kam Choo,* 699 F.2d 693, 696 (5th Cir. 1983) (Rule 60(b) never intended to provide "a means for postponing or escaping that [appeals time period] expiration."); *United States v. 329.73 Acres of Land,* 695 F.2d 922, 925 (5th Cir.1983); *Alvestad v. Monsanto Co.,* 671 F.2d 908, 912 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982). Implicit in the foregoing is the fact that Rule 60(b)(1) affords extraordinary relief; the movant must make a sufficient showing of unusual or unique circumstances justifying such relief. *Pryor,* 769 F.2d 286, citing *Flores v. Procunier,* 745 F.2d 338, 339 (5th Cir.1984); *Vela v. Western Electric Co.,* 709 F.2d 375, 377 (5th Cir.1983); *Davis v. Safeway Stores, Inc.,* 532 F.2d 489, 490 (5th Cir.1976).

In light of the foregoing well-settled principles, this Court must determine whether, in light of the arguments made by plaintiff in the instant motion, plaintiff is entitled to relief under Rule 60(b).

1. **Relief under Rule 60(b)(1)**

Although somewhat vaguely framed, the plaintiff contends he did not become aware the defendants' motion for summary judgment was granted until March 2010. He further contends he has been abandoned by his attorney, C.E. Bourg, after plaintiff was sentenced in a criminal matter in August 2009, and that Mr. Bourg's representation of the plaintiff in this matter fell below reasonable standards. Plaintiff argues had he known about the granting of defendants' motion for summary judgment, he would have appealed the Court's ruling. Additionally, plaintiff contends there exists a second DVD recording of his booking, and repeated requests to his attorney to obtain

that second DVD went unanswered.[4]

Although the plaintiff does not identify a particular subsection of Rule 60(b) under which such claim might fall, this Court concludes such claim is properly considered under Rule 60(b)(1). In *Pryor*, the Fifth Circuit explained:

> While Rule 60(b)(1) allows relief for "mistake, inadvertence ... or excusable neglect," these terms are not wholly open-ended. "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." ***This Court has pointedly announced that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in "unique circumstances."*** *... **We specifically rejected the method of extending the time for appeal by vacating and re-entering judgments in order to accommodate a party that has not received actual notice of the entry of judgment.***

769 F.2d at 287 (citations omitted) (emphasis added). The *Pryor* court went on to note:

> Appellant on brief urges that it is unfair that he will be deprived of his day in court solely because of the mistakes and omissions of an indifferent counsel. ***But it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client***, see, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 1390 & n. 10, 8 L.Ed.2d 734 (1962), no matter how "unfair" this on occasion may seem. This is especially true where the timeliness of postjudgment filings is concerned, in part because the rule requiring timely notice of appeal is jurisdictional, and in part because of the need that a clear, objective line of finality be drawn with reliable definiteness at some point in time. In this area, at least, appellant may not escape the deficiencies of his chosen legal counsel merely by urging that he was personally uninformed of the state of matters before the court. . .

*Id.* at 288 (emphasis added).

This Court concludes the circumstances of this case do not warrant relief pursuant to Rule 60(b)(1). While it is unfortunate the plaintiff did not know the status of his case until after the delays

---

[4] Additionally, for the first time in the instant motion, plaintiff claims his attorney failed to "mitigate the extenuating circumstances of [his] holding cell that he was kept in for 40 hrs." Plaintiff contends the call was "a dry cell with no running water, toilet [sic] and was given no necessities whatsoever." This claim regarding the conditions of his confinement was alleged for the first time in the instant motion and will not be considered herein as not properly raised.

5

for appeal had run, the Fifth Circuit has specifically "rejected the method of extending time for appeal by vacating and re-entering judgments in order to accommodate a party that has not received actual notice of the entry of judgment." *See Pryor*, 769 F2d. at 287. Indeed, the plaintiff learned of the status of the case when his fiancee contacted the Court in March 2010 to inquire about the status of the case. Plaintiff has presented this Court with no evidence such a phone call could not have been placed to the Court at an earlier time. Rather, plaintiff chose to entrust his case to his chosen attorney in all matters related to his case. Therefore, while unfortunate, this Court finds nothing extraordinary about the circumstances of this case and concludes the plaintiff is not entitled to relief under Rule 60(b)(1).

### 2. Relief Under Rule 60(b)(3)

The plaintiff also suggests the failure of his former attorney and/or the defendants to produce a second DVD of his arrest constitutes fraud, misrepresentation, or misconduct warranting relief under Rule 60(b)(3).

Rule 60(b)(3) of the Federal Rules of Civil Procedure allows a district court to relieve a party from a final judgment if the adverse party committed fraud, misrepresentation, or other misconduct. "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *See, e.g., General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 156-57 (5th Cir. 2004), *citing Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978); *see also Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1359 (5th Cir.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 533 (1988). To merit relief, the complaining party must "establish by clear and convincing evidence: (1) the adverse party engaged in fraud or other misconduct, *and* (2) this misconduct prevented the moving party from fully and fairly presenting his case." *Rozier v. Ford*

*Motor Co.*, 573 F.2d 1332,1339 (5th Cir.1978); *see also Johnson v. Offshore Express, Inc.*, 845 F.2d 1347,1359 (5th Cir.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 497,102 L.Ed.2d 533 (1988).

Misconduct may be shown by evidence the opposing party withheld information called for by discovery, *Rozier*, 573 F.2d at 1339, or willfully committed perjury. *Diaz v. Methodist Hosp.*, 46 F.3d F.3d. 492, 496-97 (5th Cir. 1995). Determining whether a party has made a sufficient showing to warrant relief lies in the sound discretion of the district court. Finally, the Fifth Circuit has stated Rule 60(b) relief will be afforded only in "unique circumstances." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004), *citing Pryor v. U.S. Postal Svc.*, 769 F.2d 281, 287-88 (5th Cir.1985). *See also Wilson v. Atwood Group*, 725 F.2d 255, 257-58 (5th Cir.1984) (*en banc*).

In the instant case, plaintiff suggests there is second DVD of his booking that the defense failed to produce in discovery. This argument is unavailing, as the defendants have certified no "second DVD" exists, and, furthermore, that defendants received no discovery request for the production of a second DVD. In support of their position, the defendants produce the affidavit of Janie Dossett, Custodian of Legal Records for the Morgan City Police Department, who attests only one videotape of the plaintiff's January 15, 2008 arrest exists, and there is no additional videotape of this incident.[5]

To the extent the plaintiff is contending his attorney somehow engaged in misconduct for not requesting this second DVD, such argument fails for the reasons stated herein. Additionally, Rule 60(b)(3) does not afford relief to a claimant contending he received ineffective assistance of counsel,

---

[5] Plaintiff's attorney, C.E. Bourg, was in possession of the videotape of the plaintiff's arrest, as is evidenced by Mr. Bourg's *letter to Joe Pisano, an FBI agent, apparently in connection with the plaintiff's criminal charges. See* Exhibit "C" attached to defendant's opposition brief [Doc. 35].

For the reasons noted herein, this Court also concludes the alleged existence of a second DVD would not entitle the plaintiff to relief under Rule 60(b)(2) as "newly discovered evidence."

as the rule specifically contemplates the misconduct of "adverse parties."

For the foregoing reasons, this Court concludes the plaintiff is not entitled to relief under Rule 60(b)(3).

## IV. Conclusion

Considering the foregoing,

IT IS ORDERED that the "Motion for Relief from Judgment" [Doc. 30] filed by *pro se* plaintiff Marvin M. Williamson, Jr. is DENIED AND DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___16___ day of July, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE