RECEIVED

DEC - 5 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARVIN M. WILLIAMSON, JR. | CIVIL ACTION NO. 08-0441 |
| VERSUS | JUDGE DOHERTY |
| CITY OF MORGAN CITY, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the "Motion for Relief from Judgment" [Doc. 62] filed by *pro se* petitioner Marvin M. Williamson, Jr.  The motion is denied for the following reasons.

On July 21, 2009, this Court granted the Motion for Summary Judgment filed by defendants in this matter, dismissing the plaintiff's excessive force, denial of medical care, and failure to properly train and supervise prison personnel on grounds the plaintiff failed to sufficiently plead the City had a custom or policy to use excessive force and to deny necessary medical care in order for the defendants to be liable [Docs. 25 & 26].  The plaintiff did not seek reconsideration of this ruling, nor did he appeal the ruling.  Plaintiff's case was closed.

Ten months later, on May 27, 2010, the plaintiff filed a *pro se* Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 30].  The Court denied this motion on July 16, 2010, concluding the extraordinary circumstances required for relief under Rule 60(b) do not exist in this case [Docs. 39 & 40].

On July 26, 2010, *pro se* plaintiff filed a Motion for Reconsideration and/or Motion to Alter Judgment [Doc. 41], asserting essentially the same grounds for relief as those sought in the Motion for Reconsideration filed on May 27, 2010, and a Notice of Appeal [Doc. 43] with the Clerk of

Court.  In his Notice of Appeal, plaintiff references this Court's denial of his Rule 60(b) motion on July 16, 2010.  Thereafter, on July 28, 2010, plaintiff filed a Motion for Notice of Appeal, in which plaintiff seeks "relief from final judgment" under Rule 60(b) [Doc. 46].  The foregoing motions were all either denied outright, or denied as moot [Doc. 57].

On November 29, 2012, the petitioner filed yet another motion, the instant "Motion for Relief from Judgment" [Doc. 62].  In the instant motion, the petitioner apparently seeks relief under Rule 60(b) yet again, the relevant portions of which are cited in the petitioner's brief and which provide as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> [ . . . ]
>
>> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>
>> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time . . . . . .
>>
>> (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.
>
> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>
>> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>>
>> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>>
>> (3) set aside a judgment for fraud on the court. argues

Rule 60(b), (c) and (d).

It appears the "judgment" from which the petitioner currently seeks relief is this Court's July 21, 2009 Ruling and Order [Docs. 25 & 26] granting the defendants' motion for summary judgment and dismissing with prejudice all claims alleged by the petitioner.  The alleged ground for obtaining relief from this judgment is the fact that after the federal court action and after two unrelated criminal proceedings – all of which involved the petitioner, in which the petitioner was represented by Charles E. Bourg, II – the petitioner filed a legal malpractice action against Mr. Bourg in the 16th Judicial District Court for the Parish of St. Mary, Louisiana.  In that proceeding, the petitioner alleged Mr. Bourg had committed legal malpractice in both the civil and criminal proceedings.  The state court judge issued a ruling wherein he concluded none of the petitioner's claims for legal malpractice – including the allegation of malpractice in the federal court action – were proven.  Specifically, with respect to the federal court action, the state court judge noted:

> The plaintiff also presented some testimony but no evidence to substantiate his claim of legal malpractice in Federal Court.  No exhibits were presented from the federal suit showing what pleadings were filed nor was any evidence of reasons for judgment ever filed into evidence.  Therefore, this court only heard that a motion for summary judgment was filed by the City of Morgan City with supporting evidence.  Affidavits were filed by the plaintiff, Marvin Williamson, through Mr. Bourg, but the Magistrate recommended that the summary judgment be granted and the Federal Judge adopted the recommendation of the Magistrate.  However, the plaintiff has not shown through evidence or testimony how the defendant, C. E. Bourg, II, breached the standard of representation in that matter.  This Court actually heard no evidence that showed the standard being breached.  Therefore, this Court dismisses this claim.[1]

Although the state court judge did make a specific finding that Mr. Bourg did not notify the petitioner of the granting of the motion for summary judgment in this federal court case, the Court did so only in support of its denial of Mr. Bourg's exception of preemption, lodged as a defense to

---

[1] See "Reasons for Judgment" dated May 31, 2012, attached as Exhibit 1 to petitioner's Motion for Relief from Judgment, Doc. 62.

3

the timeliness of the state court malpractice lawsuit.  The fact that the state court found Mr. Bourg did not notify the petitioner of this Court's dismissal of his claims after-the-fact does not warrant relief from the July 21, 2009 ruling and order dismissing the plaintiff's substantive claims, as such fact does not change the factual scenario upon which this Court's ruling was based.  Moreover, the state court concluded the petitioner did not prove by a preponderance of the evidence that Mr. Bourg's conduct in the federal court lawsuit fell below the standard of care, and specifically found there was no merit to the petitioner's allegations of malpractice.

Furthermore, this Court notes the petitioner is not entitled to relief under Rule 60(b), as the filing of the instant motion seeking such relief was not filed "within a reasonable time."  To wit, the state court issued its ruling on the malpractice claims on May 31, 2012.  The instant motion was filed more than six months later, a time frame this Court does not consider "reasonable."

For the foregoing reasons, IT IS ORDERED that the instant "Motion for Relief from Judgment" [Doc. 62] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 5 day of December 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

4